IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,149-01






EX PARTE JOE BAILEY JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 31304A IN THE 33RD DISTRICT COURT


FROM BURNET COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to 20 years' imprisonment. The Thirteenth Court of Appeals dismissed his
appeal. See Johnson v. State, AP-13-06-00577-CR, (Tex. App.- Corpus Christi, 2007, no pet.) (not
designated for publication).

 On September 24, 2008, this Court remanded this application to the convicting court because
further evidence was needed to evaluate Applicant's first and fourth grounds for review. In response
to this Court's remand order, the trial judge supplemented the record with evidence, including an
affidavit from trial counsel, a transcription of the court reporter's notes from the plea hearing, the
revocation hearing, and the sentencing proceeding in this cause, and a transcription of the court
reporter's notes from the plea hearing in another cause. On November 5, 2008, the trial judge
entered findings of fact and conclusions of law recommending that relief be denied. However, there
is still a fact issue which needs to be resolved. 

 On November 3, 2008, Applicant filed a motion requesting that the trial judge be recused
pursuant to Rule 18a of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 18a. Pursuant to
Rule 18a of the Texas Rules of Civil Procedure, the judge must "either recuse himself or request the
presiding judge of the administrative judicial district to assign a judge to hear such motion," once
a prima facie adequate and timely recusal motion has been filed. Id. The trial judge must act on the
motion "[p]rior to [conducting] any further proceedings in the case[.]" Id. As the motion to recuse
was filed before the trial judge acted on this habeas application, there is a fact issue as to whether
trial judge had the authority to act on this application. We hereby request that the trial judge rule on
the motion as required by the Texas Rules of Civil Procedure. We offer no opinion as to whether
the recusal motion in this particular case has merit. 

 This application will be held in abeyance until the trial court has resolved the fact issue. The
issue shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
ruling on the recusal motion and any other supplemental documents filed pertaining to the recusal
motion shall be returned to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court. 




Filed: March 18, 2009

Do not publish